People v Medina

2026 NY Slip Op 02342

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Carlos Medina, Defendant-Appellant.

Decided and Entered: April 16, 2026

Ind No. 158/19|Appeal No. 6392|Case No. 2024-04948|

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, O'neill Levy, Chan, JJ.

Twyla Carter, The Legal Aid Society, New York (Anju Alexander of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Maria I. Wager of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about June 14, 2024, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act, (Correctional Law art 6-C), unanimously affirmed, without costs.

The court providently exercised its discretion in declining to grant a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's lack of a disciplinary record, completion of sex offender and substance abuse treatment programs, participation in vocational training, and family support have been adequately taken into account by the risk assessment instrument (see People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]; People v Wright, 208 AD3d 1112, 1112 [1st Dept 2022], lv denied 39 NY3d 907 [2023]; People v Gomez, 201 AD3d 601, 601 [1st Dept 2022]). Defendant has failed to establish that his response to sex offender treatment was so exceptional as to warrant a downward departure (see People v Alcantara, 154 AD3d 532, 532 [1st Dept 2017], lv denied 30 NY3d 908 [2018]), or how his vocational training or family support reduced his likelihood of reoffense or danger to the community (Bevel, 224 AD3d at 431; Wright, 208 AD3d at 1112).

In any event, we find that any mitigating factors were far outweighed by the nature of defendant's offense, as the egregiousness of the underlying crime indicated a danger that a reoffense by defendant would cause a high degree of harm (see People v Roldan, 140 AD3d 411, 412 [1st Dept 2016], lv denied 28 NY3d 904 [2016]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026